

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-40,661-45

### EX PARTE ELIGAH DARNELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-432-W011998-1197286-G IN THE 432ND DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of failure to register as a sex offender and sentenced to 75 years' imprisonment. The Second Court of Appeals affirmed his conviction. *Darnell v. State,* No. 02-10-00203-CR (Tex. App.–Fort Worth, Nov. 10, 2011). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied a parole revocation hearing in violation of due process. He asserts specifically that, during a visit in the Tarrant County Jail on June 15, 2021, Applicant asked his parole officer to contact two witnesses that Applicant wanted to call at the revocation hearing. He provided her with their names, addresses and phone numbers. But on June

24, 2021, Applicant was transferred to prison without a revocation hearing. It appears that Applicant's parole was revoked because he was convicted of another crime. If so, he is not entitled to relitigate the matter in parole revocation proceedings. *See Morrissey v. Brewer*, 408 U.S. 471, 490 (1972). But he may be entitled to an opportunity to show circumstances in mitigation. *Id.* at 488.

Applicant further contends that TDCJ has effectively stacked his sentences by assigning him different TDCJ identification numbers for different convictions. He asserts that TDCJ's action violates a term of his plea agreement in cause no. 1575071D providing that the sentences will run concurrently. Applicant correctly observes that the judgment in that case expressly states that the sentence will run concurrently. However, the State's plea recommendation in that case does not say anything about that sentence running concurrently. Further, it does not appear that the Written Plea Admonishments include a condition that the new sentence will be concurrent.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's parole has been revoked in this case and whether his sentences are running concurrently. The trial

court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 22, 2021

Do not publish